**MOTION.**

## Commonwealth, for Richardson *vs* Cole, and others.

*Case* 64.

### ERROR TO THE ESTILL CIRCUIT.

*Constables. Official liabilities.*

*June* 11.

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

Case stated.

THIS is an action against a Constable and his securities, to recover for alledged breaches of the official bond of the Constable. Two breaches are alledged, and each having been adjudged insufficient upon demurrer, and a judgment having been rendered for the defendants, the sole question in this Court, is upon the sufficiency of the declaration.

A declaration on a Constable's bond merely averring that the def't. by color of his office of Constable, collected money from the relator, without further averment is insufficient.

The first breach is, that "the relator was compelled to pay to said Cole the sum of $95, which Cole, by color of his office as aforesaid, wrongfully collected from the said Richardson and refused to account for," &c. There being no allegation of fact to aid the general phrases used in this statement, we are clearly of opinion that it is too vague and indefinite to answer the purpose of a declaration. It does not appear how the relator was compelled to pay, nor what was the particular act complained of, and the statement furnishes to the Court no means of determining whether the collection was by color of office or not. Nor does it furnish to the defendants the requisite information of the charge or complaint relied on. It is a mere statement of legal conclusions or inferences, without the facts on which they are founded, and was properly adjudged insufficient.

The second breach is, that the defendant, Cole, while he continued to act as a Constable, "represented to the relator that he had various executions in his hands against him for collection, from the office of A. McMonigal, a Justice, &c. (which are specified,) and the relator well knowing that judgments had been rendered against him by said McMonigal, on which such executions might issue, paid said Cole, at different times, the whole

amount of said executions. But to return said executions satisfied, as said Cole was bound by law, he did not. In consequence of which misconduct, and breach of duty in office, the relator afterwards, to-wit: on &c. was compelled to pay the judgments aforesaid; but that neither Cole nor any of the defendants have paid back or accounted for the amount of said judgments," &c.

Here is no averment that Cole had in fact any of these executions in his hands, either at the time of his representations, or at the time of payment to him, but only that he represented that he had them. There is therefore no breach of that part of the bond, which provides for the due execution and return of process, and for payment of money collected on process. And the only question is, whether the declaration shows a breach of that part of the condition of the bond, which provides that the Constable "in all other things shall faithfully execute and perform the said office of Constable according to law."

Conceding, as we are disposed to do, that this clause of the condition should receive a most liberal construction, for the protection of the community against fraud, extortion, and every form of oppression incident to an abuse of the official character and powers of a Constable, still there must be some reasonable limits to its operation. It cannot cover all acts which the individual may do, while he holds the office of Constable, nor even all acts which in their nature pertain to the office, and might under proper circumstances, be rightfully done by a Constable. The act must not only be of this nature, but it must at least be done by him as Constable, under claim of a right to do the act by virtue of his office. And so far as it implies acquiescence or co-operation in the party injured, this acquiescence or co-operation should be induced by a confidence in the official character and right as asserted.

It is to be recollected, that the question is not how far the Constable may be individually responsible for his own acts, but how far his securities may be responsible for them. As by executing the official bond with him, they have not only evinced their confidence in his capacity and other qualifications for the office, but have enabled him

COMMONWEALTH
vs
COLE, &c.

A declaration against a Constable and sureties for collecting money under pretence of having executions agst. the plaintiff, and failing to return said executions satisfied, without any averment that he had executions in force at the time of the receipt of the money, is not sufficient to charge the sureties.

To charge Constable *and his sureties* on his official bond, the act complained of must not only be one which might be rightfully done as Constable; but done by him as Constable under claim of right to do it as such.

As an individual he may be liable for many acts while acting as Constable, for which his sureties would not be responsible.

to assume the character and rights belonging to it, they may perhaps be justly held responsible for such acts within the general range of his powers, as (though without legal authority in the particular instance,) he does in the name and by color of the office, and of the rights incident to it; but for acts which in their nature are wholly beyond the office, or for acts which though within the general powers of the office, are neither actually authorized in the particular case, nor pretended to be done in virtue of official authority: that is, for acts done as a private individual, they cannot be made responsible on the bond.

The case stated in the declaration is, that while Cole was acting as Constable, he represented that he had in his hands for collection, certain executions against the relator, which he might well have had in that character, and that the relator at different times afterwards, paid to him the whole amount of said executions, &c. It is not expressly averred that Cole was Constable at the time of making this representation. And conceding this to be necessarily implied, or sufficiently expressed, and also, that it is sufficiently expressed, that he represented the executions to be in force at the time when the representations were made, it is not stated, and does not appear even by implication, that any payment was made at the time of such representation, or under a claim at the time, of any right to coerce or receive payment, (as Constable,) by virtue of executions in hand; or that it was made under a belief that there was such right. It is not averred either, that the executions mentioned were, or that they were not actually in the hands of Cole when he made the representations. For all that appears, his representation may have been true. He may have had the executions in his hands in full force when he said he had. He may have made true and timely returns of them or not, and he may have received the money either after the actual return, or after the executions had expired, and when he neither had nor pretended to have the right of coercive collection. This may be true, and yet all the facts stated in the declaration may be true. Moreover, it is not stated that the payments were made to Cole as Constable.

They may have been made, knowing that he had no right to collect as a Constable, and upon his promise to make proper disposition of the money in discharge of the judgments.

We think, therefore, the declaration does not show an exaction in the official character, or by color of the office of Constable, nor any breach of duty secured by the bond. Certainly it does not show a false return or a failure to return process in his hands, or to pay money collected on process. And we are of opinion that it does not sufficiently show a wrongful collection under color of his office, or under pretence of official right, either asserted or confided in. For the non-payment of money unless received either rightfully or wrongfully, under color of official right, there can be no responsibility on the bond. The declaration is, consequently, insufficient in the statement of the second as well as of the first breach.

Wherefore, the judgment is affirmed.

*Turner* for plaintiff; *B. Y. Owsley* for defendants.