STATE ex rel. BLINEBURY VS. MANN, Circuit Judge, &c.

*Sheriff's Bond—Leave to prosecute—*Ex parte *application— Ch.* 196, *Laws of* 1860—
*What affidavit must show.*

1. The circuit judge may grant leave to prosecute the official bond of a sheriff, upon an *ex parte* application.

2. The sheriff's sureties are not liable for his wrongful seizure of property, when *not* made by him in his official character under process. But *it seems* the rule is otherwise, when the seizure *is* so made.

3. The word "misdemeanor," in sec. 1, ch. 196, Laws of 1860, does not denote a criminal offense, but applies to a trespass committed by the sheriff while acting in his official character.

4. An application under that chapter to prosecute the sheriff's bond, must show with certainty that the trespass complained of was committed by him in his official character, under process.

APPLICATION for a *Mandamus.*

Upon the respondent's return to an alternative *mandamus*, the relator moved for a peremptory writ.    The case is stated in the opinion.*

*The condition of a sheriff's bond, by sec. 96, ch. 13, R. S., is that he will "well and faithfully, in all things, perform and execute the duties" of the office, "without fraud, deceit or oppression," and "pay over all moneys," &c.    Sec. 99 provides that "any *default or misfeasance* in office" of the under-sheriff shall be deemed to be a breach of the condition of the bond given by the sheriff who appointed him, &c·  Sec. 107 declares that "any *default or misconduct* in office of any deputy sheriff or jailor, after the death, resignation or removal of any sheriff by whom he was appointed, shall be adjudged a breach of the bond of such sheriff."    Sec. 108 provides

*Foster & Turner*, for the motion, argued that the law requiring an official bond implies that the sheriff and his sureties will be liable for any violation of the condition of such bond, and that in the act of 1860, which was designed merely to provide for a mode of prosecuting the bond and not to alter the liability of the officer and his bondsmen, the word "misdemeanor" must be understood in its ordinary acceptation as equivalent to "misbehavior," and not as denoting a criminal offense. *Bartlett v. Hunt*, 17 Wis., 216–17. As to the proper interpretation of the condition of the bond, they cited *People v. Schuyler*, 4 N. Y., 173; *Dennison v. Plumb*, 18 Barb., 89. 2. The judge held that " an application for an order is a motion," and that notice of a motion must be given to the opposite party. But this definition of a motion is found in the code, and relates to an application for an order in an action pending, made by one of the parties. Many applications (e. g., for appointment of a guardian, or for a writ of *certiorari*, *quo waranto*, *habeas corpus*, &c.) are not motions; and some motions, under the code, may be made without notice. R. S., ch. 140, secs. 29, 30. When a right to prosecute depends upon probable cause being shown, such probable cause is always shown *ex parte*. See *Ex parte Noble*, 2 Cow., 590; *Ex parte Chester*, 5 Hill, 555; *Ex parte Reed*, 4 id., 572; 1 Till. & Sh. Pr., 313.

*Thorp, Shelly & Frisby*, *contra*, contended that the affidavit on which the application was made, was insufficient. 2. The

that "any action for the *default or misconduct* of a sheriff, his under-sheriff, jailor or any of his deputies, may be prosecuted against the executors or administrators of such sheriff." Sec. 1 of ch. 196, Laws of 1860, is as follows: " Whenever a sheriff shall have become liable for the escape of any prisoner committed to his custody, or whenever he shall have been guilty of any *default or misdemeanor* in his office, * * the party aggrieved thereby may apply to the circuit court of the county where such sheriff's bond may be filed, or to the judge thereof in vacation, for leave to prosecute the official bond of such sheriff; such application shall be made upon affidavit of the default or delinquency complained of, and that no satisfaction for the same has been received, and a certified copy of such official bond." Sec. 2. " Upon such application and proof, the court, or the judge thereof in vacation, shall order that such bond be prosecuted," &c.

New York statute provides that the sureties shall be liable for any default or *misconduct* of the sheriff in office, and even under that it is doubtful whether they are liable for a mere trespass. *Ex parte Reed,* 4 Hill, 572. In *People v. Schuyler,* three of the judges dissented. The act of 1860 was made about two years after that decision, and perhaps with a view to mitigate its severity. 3. Counsel also insisted that notice of the application should have been given to the sureties, and that the affidavit in such a case should show that a demand had been made upon them.

COLE, J. This is an application for a peremptory writ of *mandamus* to be directed to the respondent as circuit judge, commanding him to grant leave to prosecute the official bond of Charles A. Cron, late sheriff of Washington county. Application was made to the circuit judge for leave to prosecute such bond, which application was founded upon an affidavit of one of the relators and a certified copy of the official bond. Leave was refused by the circuit judge for reasons stated by him in the return to the alternative writ.

The circuit judge held that an application of this nature, under chapter 196, Laws of 1860, could not be *ex parte,* but must be made upon notice to the sheriff or his sureties. We think in this he was in error. But we shall not dwell upon this point, since we are of the opinion that leave to prosecute the bond was rightly refused upon the other ground, namely, that the affidavit does not contain sufficient facts to authorize the judge to grant the same. The affidavit states, in substance, that on or about the 10th day of November, 1861, Charles A. Cron, then sheriff of Washington county, while acting as such sheriff, having a certain process to execute against the property of Charles B. Goodrich, which process was a warrant of attachment, seized upon and carried away from the possession of the affiant and relator certain personal property belonging

to them. We think the defect in the affidavit is, that it does not state with sufficient certainty and clearness that the sheriff seized the property under and by virtue of the writ of attachment. Now, if the sheriff did not seize and carry away the property while acting in his official character and by virtue of the writ of attachment, then it is very clear that the sureties are not liable. The sureties have only undertaken to indemnify the public against the official acts of the sheriff, and not for mere naked trespasses which he may commit while acting without process, The affidavit should have stated, therefore, that the sheriff seized the property while acting in his official character, under and by virtue of the writ of attachment. For a trespass thus committed, we are of the opinion that the sureties are liable upon the official bond of the sheriff, although there is some conflict of authority even upon that point. See the case of *The People v. Schuyler*, 4 Comstock, 173, and authorities referred to by Justices GARDINER and PRATT.

It is enacted in section 1 of the chapter above cited, that whenever a sheriff shall have been guilty of any default or *misdemeanor* in his office, whether before or after the passage of the act, the party aggrieved thereby may apply to the circuit court, or to the judge thereof in vacation, for leave to prosecute the official bond of such sheriff. And the circuit judge seemed to think that it was necessary to show in the application, not only that the sheriff had committed a trespass in seizing property under an attachment issued against the goods of another, but that the act complained of would, under the circumstances, amount to a misdemeanor. It is true that the word "misdemeanor" is used in the statute; but by this we do not suppose it was intended that it must appear that the sheriff was guilty of a criminal offense. The word "misdemeanor," in this connection, is undoubtedly used in the sense of "misconduct."

*By the Court.*—The motion for a peremptory writ on the return is denied.