## JAMES WALSH, Impl'd, etc.,

### v.

### THE PEOPLE, use, etc.

1. CONSTABLE—LIABILITY OF SURETIES.—The seizure of the goods of one person under color of process against another, is not a mere private trespass of the officer, but is official misconduct, constituting a breach of his official bond.

2. ILLEGAL LEVY—MUST BE SHOWN THAT OFFICER ACTED UNDER WRIT.—In an action against a constable and sureties on his official bond, for taking the property of one person under an execution against another, it must be shown that the constable acted or assumed to act in his official capacity, by virtue of the process in his hands.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding. Opinion filed March 29, 1880.

Messrs. ALLEN, BARMM & ALLEN, for appellant; that an action will not lie upon a constable's bond for money collected by him without process, cited Henckler v. County Court, 27 Ill. 39.

Sureties on a constable's bond are not liable for a trespass committed under color of his office, nor for omission to serve a process which he was not authorized to serve: Governor v. Hancock, 2 Ala. 728; State v. Brown, 11 Ind. 141; Dane v. Gilmore, 51 Me. 544; Commonwealth v. Cole, 7 B. Mon. 250; Snapp v. Commonwealth, 2 Pa. St. 49.

The recovery must be joint: Gould v. Sternburgh, 69 Ill. 531.

BAILEY, P. J.   This was an action of debt, brought in the name of The People of the State of Illinois, for the use of Lena Mascher, against Theodore Worth, Jacob Press and James Walsh, on the official bond of said Worth, as one of the constables of the town of West Chicago, in the county of Cook. Only Press and Walsh, the sureties on the bond, were served with process, and subsequently, on motion of the plaintiff, the suit was dismissed as to said Press.

The only breach of the condition of the bond assigned in the declaration is, that said Worth, under and by virtue of his office of constable, and by virtue of an execution issued by a justice of the peace at the suit of one Christina Stromstadt, against the goods and chattels of one August Mascher, seized, took and carried away a certain buggy, the property of said Lena Mascher, of the value of $150, and converted and disposed of the same to his own use.   Defendant Walsh appeared and filed a number of pleas whereby all the material allegations of the declaration were put in issue.   On the trial before the court and a jury, the issues were found for the plaintiff, and the debt assessed at the penalty of the bond, and the damages at $97.50.   The court, thereupon, after overruling defendant Walsh's motion for a new trial, rendered judgment against him on the verdict.   From this judgment said Walsh has appealed, and assigns for error, among other things, that the verdict and judgment are contrary to the law and the evidence.

The point is made that even if Worth, the constable, had in his hands an execution against the goods and chattels of August Mascher, and levied the same upon the property of Lena

Mascher, the sureties on his official bond would not be liable therefor. In support of this position, we are referred to the case of State v. Conover, 4 Dutcher, 224, in which the Supreme Court of New Jersey, after an elaborate review of the authorities, reach the conclusion that where a sheriff having an execution against the goods and chattels of one person, levies upon and sells the goods of another, it is not a breach of the condition of his official bond, and does not make his sureties liable to the party whose property is taken. This is upon the principle that the seizure by an officer of the property of a person not named in the writ, is not an official act done by virtue of his office, but unofficial, and done by color of the office, and that though the officer is guilty of a tort, for which he is liable as an individual to the party injured, he cannot be prosecuted therefor upon his official bond.

The foregoing case, although ably argued, does not seem to us to be supported by the weight of authority in this country. Among the cases where the contrary doctrine is held, are the following: Ascher v. Noble et al. 3 Greenl. 418; Tracy v. Goodwin, 5 Allen, 409; Inhabitants of Greenfield v. Wilson et al. 13 Gray, 284; Skinner v. Phillips, 4 Mass. 69; The People v. Schuyler, 4 N. Y. 173; Burnett v. McKee, 6 Watts & Serg. 513; Ohio, for use, etc. v. Jennings, 4 Ohio St. 418; Holliman v. Carroll, 27 Texas, 23; Sangster et al. v. The Commonwealth, 17 Grat. 124; Harris v. Hanson, 11 Me. 241; Carmack v. The Commonwealth, 5 Binney, 184; Forsyth v. Ellis, 4 J. J. Marsh. 299; The Commonwealth v. Stockton, 5 Mon. 192. These authorities sustain the proposition that the seizure of the goods of one person under color of process against another, is not a mere private trespass of the officer, but is official misconduct, constituting a breach of his official bond. While we are inclined to the opinion that these cases sustain the better doctrine, the record in this case does not necessitate a decision of the question.

On the trial, the plaintiff, after proving the official character of the constable, and the execution by him and his sureties of his official bond, gave evidence tending to prove that said Lena Mascher was the owner of the buggy in question; that while

it was standing in the street in front of her residence, it disappeared, and that as the result of subsequent search and inquiry, it was traced into the possession of Worth; and there is evidence of admissions subsequently made by him, that he took it. There is, however, an entire absence of evidence either showing or tending to show that he took it or assumed to take it under the execution mentioned in the declaration, or any other execution, or that any such execution as the one averred in the declaration ever in fact existed. Nor do we find any evidence tending to show that Worth, in taking the buggy, pretended or assumed to be acting in his official capacity. One witness, it is true, testifies to a statement made by him sometime afterwards, that he took the buggy for the wages of a servant girl who had been working for said Lena Mascher's husband, but it does not appear that he claimed to have done so as a constable. So far as appears, the taking of the buggy was a mere private trespass, not committed even under color of office. Such being the case, we know of no principle upon which the sureties on his official bond can be held liable.

In Turner v. Collier et al. 4 Heisk. 89, it is held that a sheriff who collects money without execution, or on an execution *functus officio*, is not liable to a proceeding against him and his sureties on his official bond. In Commonwealth v. Cole et al. 7 B. Mon. 250, the Court of Appeals of Kentucky, in discussing the question as to how far the sureties of a constable may be held liable for his acts, lay down the rule as follows: "As by executing the official bond with him, they have not only evinced their confidence in his capacity and other qualifications for the office, but have enabled him to assume the character and rights belonging to it, they may perhaps be justly held responsible for such acts within the general range of his powers, as (though without legal authority in the particular instance), he does in the name and color of his office, and of the rights incident to it; but for acts which in their nature are wholly beyond the office, or for acts which, though within the general powers of the office, are neither actually authorized in the particular case, nor pretended to be done in virtue of official

authority; that is, for acts done as a private individual, they cannot be made responsible on the bond."

It is clear that the verdict in this case is wholly unsupported by the evidence, and the judgment will therefore be reversed and the cause remanded.

Judgment reversed.