[Department Two.—January 23, 1883.]

JOHN C. KING, ASSIGNEE IN INSOLVENCY, RESPONDENT, *v.* C. N. FELTON ET AL., C. N. FELTON, APPELLANT.

PLEADING—MISJOINDER OF PARTIES DEFENDANT.—A complaint against several defendants, some of whom do not appear to be necessary or proper parties, is demurrable for a misjoinder of parties defendant.

ID.—INSUFFICIENCY.—In an action by the assignee of an insolvent debtor, the fact of an assignment must be alleged in the complaint. If not so alleged, the complaint will be insufficient.

APPEAL from a judgment of the Superior Court of the county of San Bernardino.

*Waters & Gibson,* for Appellant.

*Henry M. Willis,* and *C. W. C. Rowell,* for Respondent.

PER CURIAM.— The demurrer of the defendant Felton should have been sustained.

*First*—There was a misjoinder of parties defendant. From the case as presented by the complaint it is not apparent to us why either the Riverside Land and Irrigating Company or S. C. Evans was joined with the defendant Felton. There is no statement of fact showing that either of them was a necessary or proper party; the facts stated apply alone to Felton as a defendant. The demurrer was sustained as to the Riverside Land and Irrigating Company; it should have been sustained as to Evans.

*Second*— The complaint does not state facts sufficient to constitute a cause of action. The plaintiff sues as assignee in insolvency of one Sayward.

There is no averment that an assignment was ever made. Section 17 of the Insolvency Act of 1880 requires that an assignment of the insolvent's property shall be executed, which assignment shall vest the title of the property in the assignee. It is alleged in the complaint that Sayward " is now the owner," etc. If, at the time of commencing the action, Sayward was the owner, the plaintiff was not; if, on the other hand, an assignment had been properly executed, Sayward was not the owner, and plaintiff was.

Other errors appear in the transcript, such as insufficiency of findings on the issues presented; but as the case is here determined on the pleadings, those errors are not for decisive consideration.

Judgment reversed and cause remanded, with instructions to sustain the demurrer of the defendant Felton, with leave to plaintiff to amend.