[No. 9639. Department One.—August 12, 1885.]

C. A. LUHRS, ASSIGNEE OF S. J. DIERSSEN, AN INSOLVENT, RESPONDENT, v. EDWARD KELLY, APPELLANT.

INVOLUNTARY INSOLVENCY—JURISDICTION OVER PROCEEDING, HOW ACQUIRED—COLLATERAL ATTACK.—The court obtains jurisdiction over a proceeding in involuntary insolvency, upon the filing of the petition properly signed and verified, and the service of a copy thereof, together with a copy of the order to show cause, on the debtor. For errors afterwards committed, its proceedings cannot be collaterally assailed.

ID.—BOND OF ASSIGNEE—INSUFFICIENCY IN AMOUNT OF.—The assignment in such a proceeding is not collaterally assailable by reason of the fact that the bond filed by the assignee and approved by the court was for a less amount than that required by the order appointing the assignee.

EVIDENCE—IMPEACHMENT OF WITNESS—ATTEMPT AT BRIBERY.—Where a witness has testified to matters material to the issues, the party against whom he has testified may on cross-examination show that the witness is hostile to or prejudiced against him, and to that end may lay the foundation for showing that the witness has attempted to buy or bribe other witnesses; but this can only be done when the witness has testified to material matters.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Grove L. Johnson,* for Appellant.

*Freeman & Bates,* for Respondent.

BELCHER, C. C.—This is an action commenced by the plaintiff, as assignee of one S. J. Dierssen, an insolvent debtor, to recover the value of four barrels of whiskey and certain other personal property alleged to have been transferred by the insolvent to the defendant in violation of the provisions of section 55 of the Insolvent Act of 1880. The insolvency proceedings were involuntary, and every step taken in them was alleged in the complaint and denied in the answer.

When the case came on for trial, the plaintiff offered in evidence the petition in insolvency, the bond accompanying the petition, the order to show cause with the return of service thereof on the respondent, the order adjudging the respondent to be an insolvent debtor, and requiring him to file a schedule and inventory of his property, with the return of service thereof, the order appointing the plaintiff assignee, the bond of the assignee and a certified copy of the assignment made by the clerk of the court to the plaintiff as assignee. The defendant objected to the evidence upon the ground that it was irrelevant and immaterial, and that the proceeding did not conform to the requirements of the insolvent law. The court overruled the objections and admitted the evidence. We see no error in the rulings.

The petition was properly signed, verified, and filed. A copy of the petition and a copy of the order to show cause were regularly served on the debtor in the manner provided by law for the service of summons in civil actions. This gave the court

jurisdiction of the case (*Ohleyer* v. *Bunce*, 65 Cal. 544), and for errors afterward committed, its proceedings could not be assailed collaterally. The order to show cause required the debtor to appear on the 28th day of December. He did not appear, and the order adjudging him an insolvent was entered on the 3d day of January. There was nothing in this delay of which the defendant could take advantage.

As appears by the record the order appointing the plaintiff assignee required him to give a bond in the sum of $2,000. On the next day he gave a bond in the sum of $500, and it was approved by the judge and filed. In the assignment made by the clerk it is recited that the assignee had "filed a bond in the sum of $500 as ordered by the court." There was here evidently some mistake, but it was one which did not concern the defendant. The creditors and debtor were alone interested in the amount and sufficiency of the bond, and they acquiesced in the bond given. The court had jurisdiction, and its approval of the bond was sufficient to justify and make valid the assignment as against a mere collateral attack.

In the progress of the trial plaintiff was called as a witness in his own behalf, and testified that he "was acquainted with the value of groceries; that whiskey on the 25th day of November, 1882, and now, was worth at least $1.25 per gallon; that Miller whiskey was worth $2.25 per gallon; that a barrel contained from forty to forty-five gallons; that he had known S. J. Dierssen for a good many years; that Dierssen was a retail grocer on and prior to November 25, 1882, and carried a stock in trade amounting to from $1,200 to $1,500 in value."

On his cross-examination the witness testified that he had a conversation with one George Dierssen, a brother of S. J. Dierssen, at a certain time and place, and was then asked: "In the course of that conversation did you tell him that you would let up on Louis Dierssen if he would testify against Kelly in this case; that you would let up on him and not prosecute him?" The question was objected to by counsel for plaintiff upon the ground that it was irrelevant, and the objection was sustained. The defendant then made an "offer to show that this witness openly attempted to bribe witnesses by promises of immunity."

This offer was also objected to as irrelevant and excluded, and to these rulings the defendant excepted.

Undoubtedly when a witness has testified to matters material to the issues, the party against whom he has testified may, in the cross-examination, show that the witness is hostile to or prejudiced against him (*People* v. *Wasson*, 65 Cal. 538; Greenleaf on Ev. § 450), and to that end may lay the foundation for showing that the witness has attempted to buy or bribe other witnesses. But this can only be done when the witness has testified to material matters. Were the matters testified to by the witness in this case material? The testimony above quoted is all the testimony in the case which is found in the record. There was no issue as to the fact that Dierssen was a retail grocer and carried a stock in trade amounting to from $1,200 to $1,500 in value.

In the complaint it is alleged that Dierssen transferred to the defendant four barrels of whiskey of the value of $500, and in the answer it is admitted that he transferred four barrels of whiskey of the value of $300. Nothing appears in the pleadings or elsewhere as to the kind or quality of the whiskey. It would seem, therefore, that when the witness testified that whiskey was worth $1.25 per gallon, and a barrel contained from forty to forty-five gallons, he was testifying to no more than was admitted by the defendant. Besides the value of all the property transferred, as found by the verdict of the jury, was only $400, and no complaint is made that the damages are excessive. On the whole, we are unable to see that the court committed any material error in the rulings complained of.

The court instructed the jury very fully upon every question in the case. These instructions stated the law of the case fairly and clearly, and we fail to see that they were either contradictory or misleading. Several instructions asked by the defendant were refused, but we think, in so far as they were sound as propositions of law, they were embraced in other instructions given. It would subserve no useful purpose to speak of each of them separately.

The judgment and order should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion the judgment and order are affirmed.

Hearing in Bank denied.