[No. 11534.   Department One. — January 30, 1889.]

DANIEL BEST ET AL., APPELLANTS, *v.* W. C. JOHN-
        SON ET AL., RESPONDENTS.

OFFICIAL BOND — ASSIGNEE IN INSOLVENCY — SHERIFF. — The liability of
    the sureties on the bond of an assignee in insolvency for converting
    to the use of the estate the property of another than the insolvent is not
    the same as that of the sureties on a sheriff's bond, when the sheriff
    seizes, under process, the property of another than the debtor.   The
    duties of the assignee are wholly private, and the creditors and debtor are
    alone interested in the amount and sufficiency of his bond.   But neither
    the sureties of such assignee nor of a sheriff are liable for the wrongful
    seizure or detention of property or money of another not taken under
    process.

APPEAL from a judgment of the Superior Court of
Monterey County.

The facts are stated in the opinion.

*Geil & Morehouse,* for Appellants.

*Dorn & Parker,* for Respondents.

BELCHER, C. C. — This is an action against the princi-
pal and sureties on a bond, made to insure the faithful
performance by the principal of the duties devolving
upon him as assignee of the estate of an insolvent debtor.
The complaint alleges the appointment of the defendant
Johnson, as assignee of the estate, the execution, approval,
and filing of the bond, the plaintiffs' ownership of cer-
tain described personal property, and that Johnson,
while acting as such assignee, wrongfully and unlaw-
fully, and against the will of plaintiffs, took the property
from them and converted it to the use and benefit of the
estate, and afterward, on- demand many times made, re-
fused to deliver to them the possession thereof.   The
prayer is for a judgment for the value of the property,
with damages and costs.

A general demurrer was interposed to the complaint,

and sustained as to the sureties Dorn and Hoffman, with leave to plaintiffs to amend. Plaintiffs declined to amend, and thereupon judgment was entered that they take nothing as against the sureties.

The statute requires the assignee of an insolvent's estate to give a bond, with sureties, conditioned for the faithful performance of the duties devolving upon him, and it provides that "the bond shall not be void upon the first recovery, but may be sued upon from time to time by any creditor aggrieved, in his own name, until the whole penalty is exhausted." (Insolvent Act of 1880, sec. 15.) The duties of an assignee, as declared by the act, are to take into his possession all the estate of the insolvent debtor, except property exempt by law from execution, if need be, to sue in his own name, and recover all the estate, debts, and things in action, belonging or due to such debtor, to sell the property and convert the same into money as speedily as possible on the order of the court, and to keep correct accounts of all moneys received by him, and to pay them out on the order of the court. (Sections 18, 21, 25, 29, and 34.)

It is argued for appellants that Johnson, as assignee, had a right to take into his possession only such property as belonged to the insolvent; that he had no right to take the plaintiffs' property, and that when he did so and converted it to the use of the estate, he violated the conditions of his bond, and he and his sureties became liable thereon. And in support of this theory, counsel cite numerous cases, and among others, *People* v. *Schuyler*, 4 N. Y. 173; *Van Pelt* v. *Littler*, 14 Cal. 194; *Lammon* v. *Feusier*, 111 U. S. 17.

All the cases cited are to the effect that if a sheriff or constable, having in his hands for service a writ of attachment or execution, seizes thereunder the property of a stranger to the writ, he becomes a trespasser, and is guilty of such official misconduct as makes him and his sureties liable on his official bond.

In *People* v. *Schuyler*, *supra*, the court, after stating that the defendant was a sheriff, and that the writ was delivered to and received by him as a public officer, said: "His sureties undertook 'that he should faithfully execute' the process. If he had, 'in all things,' performed his duty, he would have seized the goods of Fay, or returned the writ, instead of which he levied upon the goods of Bachellor, as the property of the defendant in the attachment. Upon principle and upon grounds of public policy, it seems to me that the responsibility of his sureties should be different from those they would incur, if the sheriff had entered upon the premises of the relator, and removed his goods without any process whatever. In the last case supposed, the sheriff would act in his own right, and might be resisted as any other wrong-doer. In the one before us, he was put in motion by legal authority, invoked in behalf of others, and could command the power of the county to aid him in its execution." And in *Van Pelt* v. *Littler*, *supra*, the court said: "The weight of authority, and, as we think, a fair construction of the statute, and the condition of the bond, are in favor of the maintenance of the action. The legislature intended that the officer and his sureties should be responsible for every abuse of his official powers, and we think there could not well be a more flagrant abuse of such powers than the seizing and selling of the property of one person under and by virtue of an execution against another. He does not act in such a case in a private and individual capacity, but as an officer, clothed with official authority, and protected by the judgment of a court and the process which he pretends to execute. No resistance can lawfully be made by any person whose property is thus taken. The property itself may be detained, whether legally taken or not, and a summary mode is provided for the protection of the officer, to determine disputes in regard to the title. To hold that such an act is not official, at least so

far as to charge the sureties, it appears to us would be in contravention of the spirit and intention of the statute."

There is a broad and obvious distinction between the cases cited and the case in hand. In those cases the officer, when he took the property, claimed to be executing process issued from a competent court, and was apparently acting under lawful authority. No one could rightfully have interfered with or resisted his seizure of the property; and, if needed, he could have called to his assistance the *posse comitatus.*

Not so with the assignee. He had no writ or process to serve. He was not put in motion by legal authority, but was acting at his own instance, and upon his own authority. He could not have invoked the aid of a posse to assist him, but might have been resisted like any other wrong-doer.

The duties of the assignee of an insolvent's estate are wholly private. He is to take charge of and manage the estate for the benefit of the creditors, and they are the only persons named in the act who can sue on the bond. (Section 15.) The creditors and debtor are alone interested in the amount and sufficiency of the bond. (*Luhrs* v. *Kelly,* 67 Cal. 291.) It follows that the liability of the sureties on the assignee's bond is different from the liability of the sureties on a sheriff's bond.

But if it be assumed that this is not so, and that the same rule is to be applied in each case, there would, nevertheless, be no liability upon the sureties here. For it is clear that the liability of the assignee's sureties can be no greater than the liability of a sheriff's sureties. And the rule is, that a sheriff's sureties are not liable for the wrongful seizure or detention of property or money when not made by him under process. (*State* v. *Mann,* 21 Wis. 684; *Turner* v. *Collier,* 4 Heisk. 89; *Governor* v. *Perrim,* 23 Ala. 807; *Schloss* v. *White,* 16 Cal. 66; and see *Commonwealth* v. *Cole,* 7 B. Mon. 250; 46 Am. Dec. 506, and notes.)

It results, therefore, that the demurrer was properly sustained, and that the judgment should be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.