[S. F. No. 2052.   Department One.—April 10, 1902.]

## D. L. FARNSWORTH, and EDGAR C. HUMPHREY, Assignee of J. J. Haley, an Insolvent, Respondents, v. ADOLPH SUTRO, Appellant.

ACTION BY ASSIGNEE OF INSOLVENT—PLEADING—ASSIGNMENT—QUALIFICATION PRESUMED.—In an action by the assignee of an insolvent

debtor, from averments of the complaint showing the adjudication in insolvency, and setting forth that the plaintiff was elected assignee in insolvency, and that the property of the insolvent was assigned to him by the clerk of the court, it must be presumed, in the absence of a special demurrer, that the assignee had previously qualified and given the bond required by the statute as a condition precedent to the assignment alleged.

ID.—INTENDMENTS IN SUPPORT OF JUDGMENT.—After judgment in favor of the assignee, all reasonable intendments, in the absence of any special demurrer, will be allowed in support of the regularity of the proceedings, and it will be presumed that the court and clerk acted regularly, and that the conditions precedent to their alleged action had been regularly performed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

Smith & Murasky, James H. Smith, Lloyd & Wood, and Stanly, McKinstry, Bradley & McKinstry, for Appellant.

Freeman & Bates, for Respondents.

CHIPMAN, C.—The complaint set forth that plaintiff Farnsworth and one J. J. Haley, copartners as D. L. Farnsworth & Co., entered into an agreement in writing with defendant, in which it was agreed, among other things, that defendant would pay the said Farnsworth and Haley the sum of five thousand dollars upon the performance by them of certain conditions. After they had fully performed on their part, Haley became insolvent, and the action was brought by Farnsworth and by Humphrey as assignee of Haley. Defendant demurred to the complaint, alleging,—1. That the cause of action is barred by section 337 of the Code of Civil Procedure; and 2. That the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled and defendant answered. The cause was tried by the court without a jury, and plaintiffs had judgment, from which defendant appeals on the judgment-roll alone.

Appellant contends that the facts averred in the complaint do not show that the plaintiff Humphrey acquired any interest in the Farnsworth and Haley contract, or that he has any right to sue thereon, because there is no averment that Hum-

phrey ever qualified as an assignee. The allegations of the complaint are: . . . "The said J. J. Haley was, by a decree and order of the superior court of the said city and county, duly adjudged to be an insolvent debtor under the Insolvent Act of 1880, and such proceedings were thereafter had that the plaintiff Edgar C. Humphrey was, in the year 1895, and prior to the filing of this complaint, elected assignee in insolvency of the said J. J. Haley, and thereafter and prior to the filing of this complaint, the clerk of said court, by an instrument under his hand and seal of said court, did assign and convey to the said Edgar C. Humphrey, assignee as aforesaid, all the real and personal property of the said John J. Haley." The complaint is verified, and these allegations are not denied. The argument of appellant is, that it has been decided that in an action by the assignee of an insolvent the fact of an assignment must be alleged (*King* v. *Felton,* 63 Cal. 66) ; and that it is equally essential that the assignee should qualify (Insolvent Act, secs. 15, 16) ; that the act of the clerk in conveying the property to the assignee is merely ministerial, and can only be exercised after the assignee has qualified (sec. 17) ; that a testamentary executor or guardian cannot act as such until he qualifies and letters are issued to him (*Aldrich* v. *Willis,* 55 Cal. 81), and by analogy it is imperative that plaintiff Humphrey should have given bonds as assignee, and a failure to aver such facts makes the complaint insufficient; and that the complaint is not aided by section 18, which provides, "That in suits prosecuted by the assignee a certified copy of the assignment made to him shall be conclusive evidence of his authority to act," because this is a rule of evidence and not of pleading. (Citing *Himmelman* v. *Danos,* 35 Cal. 448.) Must the judgment be reversed because the complaint failed to aver in express terms that Humphrey qualified as assignee? It is averred that Haley "was, by a decree . . . duly adjudged to be an insolvent debtor," and that "Humphrey was elected assignee," and that the clerk "did assign and convey to the said Humphrey, assignee as aforesaid, all the real and personal property of the said Haley."

Respondents reply to appellant: That the assignment by the clerk, which is admitted, involves the admission of the probative facts necessary to the conveyances, which include its receipt by the grantee and his capacity to receive it; that the

assignment cannot be collaterally attacked, and if any irregularities preceded its execution they are matters to be corrected in the insolvency proceeding, if at all; that third persons are not interested in, and cannot urge such irregularities. (Citing *Luhrs* v. *Kelly,* 67 Cal. 289; *Mogk v. Peterson,* 75 Cal. 496; *Best* v. *Johnson,* 78 Cal. 217;[1] *Fitzgerald* v. *Neustadt,* 91 Cal. 603.) It was said in *Luhrs* v. *Kelly,* "The creditors and debtor were alone interested in the amount and sufficiency of the bond." Appellant's point is, that the complaint fails to show that Humphrey has any interest in the contract. It has been held that failure to allege the assignment cannot be urged on general demurrer where no special demurrer has been interposed. (*Rued* v. *Cooper,* 109 Cal. 682.) But conceding the rule of pleading to be as held in *King* v. *Felton,* 63 Cal. 66, (see, also, *Ward* v. *Healy,* 114 Cal. 191,) still we think that as the Insolvent Act makes the qualification of the assignee a condition precedent to the assignment and conveyance of the insolvent debtor's property by the clerk, all reasonable intendments will, after judgment and in the absence of any special demurrer, be allowed in support of the regularity of the proceedings; and the assignment being alleged, it will be presumed that the court and clerk acted regularly, and that the conditions precedent to such action had been properly performed. (Code Civ. Proc., sec. 1963, subd. 15.) If we may presume that an assignment was made, in such a case as arose in *Rued* v. *Cooper,* on equally good grounds, where the assignment is alleged, we may presume that the assignee had previously qualified and given a bond, for the statute authorizes the clerk to make the assignment only after the assignee has qualified. (See, also, *Dambmann* v. *White,* 48 Cal. 439.) It is not necessary to decide whether section 18 establishes a rule of evidence or a rule of pleading.

It is advised that the judgment be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Garoutte, J., Van Dyke, J., Harrison, J.

[1] 12 Am. St. Rep. 41.