[No. 19488. Department Two.—August 27, 1895.]

COUNTY OF SAN LUIS OBISPO, Respondent, *v.* C. A. FARNUM et al., Appellants.

Public Officers—Auditor—License Collector—Sureties.—It is no part of the official duties of a county auditor to receive from the license tax-collector money collected by him for license taxes due the county; and, if he does so, and fails to account therefor to the county treasurer, the sureties on his official bond, conditioned for the faithful performance by him of all "official duties required of him by law," are not liable for the defalcation.

ID.—OFFICIAL DUTY TO ACCOUNT FOR COUNTY MONEYS.—Section 16 of arti-
cle XI of the constitution, to the effect that all moneys belonging to or
collected for the use of the county coming into the hands of any officer
thereof shall be immediately deposited with the treasurer, does not make
the obligation of the auditor to pay such money to the treasurer an
"official duty," within the meaning of such bond. The constitutional
provision only relates to those officers who rightfully or officially receive
money for the county.

ID.—MONEY HAD AND RECEIVED.—The money so received by the auditor
belongs to the county, and may be recovered by it in an action against
him for money had and received.

APPEAL from a judgment of the Superior Court of
San Luis Obispo County.   V. A. GREGG, Judge.

The facts are stated in the opinion.

*Graves & Graves,* and *Wilcoxon & Bouldin,* for Appel-
lants.

The sureties on the auditor's bond are not liable.
(County Government Act, secs. 113–22; *San Jose* v.
*Welch,* 65 Cal. 358; *Schloss* v. *White,* 16 Cal. 65; *Best* v.
*Johnson,* 78 Cal. 217; *People* v. *Pennock,* 60 N. Y. 421.)

*F. A. Dorn,* for Respondent.

HAYNES, C.—This action is upon the official bond of
C. A. Farnum as county auditor of said county. The
other defendants are R. E. Jack and J. P. Andrews, the
sureties of Farnum upon said bond.

The complaint alleges that Farnum, as such auditor,
at divers times between January 2, 1891, and January
3, 1893, received from the license tax-collector of said
county divers sums of money collected for license taxes
due said county, the sum of twelve hundred and eight-
een dollars and sixteen cents, which he, said Farnum,
had failed and refused to pay to the county; alleged
the making and approval of the bond, and attached a
copy of the bond to the complaint. The bond is in
the statutory form, conditioned that he should "well
and faithfully perform all official duties now required
of him by law, and shall well and faithfully execute and
perform all duties of such office of auditor of San Luis

Obispo county required by any law to be enacted," etc.

A general demurrer was interposed by the defendants, which was overruled, and the defendants answered. The cause was tried by the court, and a finding that all of the allegations of the complaint were true (except that the amount was reduced to eleven hundred and eighty-seven dollars and six cents) was filed and judgment entered against all the defendants therefor, and from this judgment all appeal upon the judgment-roll.

The demurrer should have been sustained as to the sureties, and the judgment must be reversed as to them, because no cause of action is stated against them, nor are any facts found which support the judgment. A cause of action is stated against Farnum, independently of the allegations relating to the bond, which may be treated as surplusage. That the money in question, having been collected by the tax-collector for licenses, belonged to the county is not questioned; but that it came to the hands of defendant Farnum *as auditor* is a conclusion of law wholly unsupported by the facts found. There is no provision of law authorizing the auditor to receive it, nor any authorizing the tax-collector to pay over such moneys to him, or to any one except the county treasurer.

Having received the money it was Farnum's duty to pay it over to the treasurer; but such duty did not arise out of his office, nor was it at all different from the duty which would have rested upon him to pay it over had he been a plain citizen not holding any county office. Farnum did not even receive the money *colore officii*, for under no circumstances was he authorized or required by law to receive it. The condition of the bond sued upon is not that Farnum should be personally honest, or pay his personal debts, or discharge those private duties and obligations which he may have assumed, but the condition is that he "shall well and faithfully perform all *official duties* required of him *by law*." The "official duties" here specified are the duties required

by law of the county auditor, and none other. "A
surety cannot be held beyond the express terms of his
contract." (Civ. Code, sec. 2836.)

In the conclusions of law filed by the court below
there is copied section 16 of article XI of the constitu-
tion of this state, to the effect that all moneys belonging
to or collected for the use of the county coming into the
hands of any officer thereof shall be immediately de-
posited with the treasurer; and, apparently, the court
concluded that because it was county money, and be-
cause Farnum was a county officer, that a failure to pay
it over was a breach of official duty for which his sure-
ties were liable. But the constitutional provision only
relates to those officers who rightfully or officially re-
ceive money for the county. Under this provision of
the constitution, as well as under the provisions of the
Political Code relating to licenses, it was the official
duty of the tax-collector to pay the money over to the
treasurer, and his payment of it to the auditor was
unauthorized, and a breach of official duty for which he
and his sureties were liable on his bond; but the sure-
ties of Farnum surely never contemplated that the tax-
collector would pay money to the auditor in violation
of law, and never undertook to be liable therefor.

The case of *Best* v. *Johnson*, 78 Cal. 217, 12 Am. St.
Rep. 41, is conclusive of the question here. We may
properly add, however, an extract from *People* v. *Pen-
nock*, 60 N. Y. 421, 426. That was a suit upon the bond
of a town supervisor. The supervisor was authorized
to receive and disburse certain of the town's money.
Certain other funds for the temporary relief of the poor,
for which there was a special tax levy, were required to
be paid by the tax-collector to another officer. In this
instance, however, the warrant for the collection of the
taxes directed the tax-collector to pay it to the supervi-
sor, and that was done, and the action upon the bond
was for the recovery of that money, the supervisor
having failed to account for it and pay it over to the
proper officer. The condition of the bond was for the

faithful discharge of his official duties as supervisor, and that he would account for and pay over "all moneys belonging to his town and coming into his hands as such supervisor." The court said: "The condition of the bond must be construed, and the liability of the sureties limited, in reference to the statutes making the supervisor a custodian of public moneys. The statutes make a part of the contract of the surety. When he undertook that his principal should account for and pay over all moneys that should come to his hands as supervisor, the intendment is that such moneys as should, pursuant to law, be received by him in his official capacity and in virtue of his office were referred to; and not such as he might receive by color of office, or because he was supervisor, but without right, and of which some other official was the legal recipient and disbursing agent, having the right to receive them directly from the collector. The principal of the appellant was an intruder in respect to the moneys collected for the support of the poor, and of roads and bridges, and acted, in taking them into his hands, officiously, and not officially. Liabilities of sureties are *strictissimi juris*, and cannot be extended by construction or enlarged by the acts of others."

There is nothing in *County of San Luis Obispo* v. *Pettit*, 100 Cal. 442, cited by counsel for respondent, inconsistent with the views we have expressed.

The judgment should be reversed as to the defendants Jack and Andrews, with directions to dismiss the action as to them, and as to defendant Farnum the judgment should be affirmed.

VANCLIEF, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed as to the defendants Jack and Andrews, with directions to dismiss the action as to them, and as to defendant Farnum the judgment is affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.