JOHN H. WITTE, Appellant, v. LOUIS WEINSTEIN *et al.*

Libel by Oil Inspector: WHEN PRIVATE TRESPASS: *Sureties on official bond.*  Acts Twenty-seventh General Assembly, chapter 52, relating to the inspection of linseed oil, and authorizing the board of health to call on oil inspectors, for samples of oil for the purposes of analysis, contains no provision authorizing the secretary of state to require inspectors to collect such sample to be sent to him for analysis, and hence a libel published by an inspector while procuring samples for the secretary of state was a trespass done in his private capacity, and not as a public officer, for which the sureties on his official bond are not liable.

SAME.  Where a secretary of state, without legal authority, called on a state oil inspector for samples of oil for analysis, the fact that the board of health, which had authority to make such a demand, made an analysis of the oils so procured, and forwarded the result, with directions, to the inspector, did not have the effect of making the act of the inspector in procuring the samples an official act.

*Appeal from Des Moines District Court.*—HON. W. S. WITHROW, Judge.

SATURDAY, DECEMBER 21, 1901.

ACTION on the official bond of Louis Weinstein as oil inspector, against him and his sureties, to recover damages claimed to have been suffered by plaintiff in his business as a druggist and dealer in oils through the wrongful acts of said inspector. The court rendered judgment in defendant's favor on the pleadings, under circumstances which will be detailed in the opinion, and plaintiff appeals.—*Affirmed.*

*Power & Power* and *Seerly & Clark* for appellant.

*C. L. Poor* for appellee.

WATERMAN, J.—The petition is very lengthy. We shall not set out either it or an equally lengthy motion made to strike certain matters from it. It is enough to say that while this motion was sustained in part, plaintiff's counsel claim that what remained set up a cause of action. After the ruling on this motion defendants filed another motion asking that the petition be made more specific in relation to certain matters. This motion was sustained, and plaintiff was ordered to comply by a day fixed, viz.: the first day of the next succeeding term. There being a failure on plaintiff's part to obey this order, judgment was rendered as stated.

We shall take the petition as it originally stood for the purpose of considering the rights of the parties. Two grounds of complaint are set up: First, that in response to a request from the secretary of state defendant Weinstein collected certain samples of linseed oil, and sent them to said officer for analysis; that of these samples some were found to be adulterated, and these were reported by Weinstein as having been obtained from plaintiff, when in truth and fact such was not the case. These samples, it is averred, were accompanied by a letter from Weinstein,

in which he stated that he thought the oils of plaintiff would prove to be adulterated. By reason of these acts of said inspector, it is averred, the report became public that the oils which plaintiff sold were adulterated, to the great injury of his business. Chapter 52, Acts Twenty-seventh General Assembly, relates to the inspection of linseed oil. While the state board of health could doubtless call on inspectors for samples of such oil for purposes of analysis, we do not discover that the secretary of state has any such right, or that it is any part of the inspector's duty to furnish him with such samples. But it is said the board of health ratified the act of the secretary of state in asking for such samples, and that of the inspector in sending them, by making an analysis, and forwarding the result, with certain directions, to said inspector. It seems to us however, that if Weinstein's act when done, was not official, no conduct of the board of health could make it such, so as to bind the sureties on his bond. After these samples were analyzed by the state board of health, and that body had communicated results to Weinstein, the latter wrote a letter to the secretary of said board, in which he used the following language: "The truth of the matter very likely is that the oil which Mr. Witte bought (in Burlington, and perhaps in Dayton) is perfectly pure, but that which he sells is not. He has the reputation of being a very good chemist, and an equally good, to-wit, sharp, business man. He does not lack the ability to do his own adulterating." This letter is also counted on as a breach of Weinstein's bond, which is conditioned generally for the faithful performance of his duty according to law. In our view of the law, if this letter was false in its statements, it was a private libel, and not an official act. Where an officer acts outside the duties of his office, he is not, as to such act, considered an officer, but a personal trespasser. *Dysart v. Lurty*, 3 Okl. 601 (41 Pac. Rep. 724). In *Ottenstein v. Alpaugh*, 9 Neb. 237 (2 N. W. Rep. 219), the action was against the county clerk, who

had falsely certified under seal that a bill in his own favor against the county had been allowed by the county commissioners, and it was sought to hold him to his bond. The court, in substance, said, inasmuch as there was no law requiring, or even authorizing, such a certificate, the making of it could not be regarded as any part of the officer's duty, and the sureties were not bound. Sureties are liable only for acts done *virtute officii*. If the act sought to be done is authorized or required, and the injury is caused by the manner of doing it, the bond stands as a protection. But when the act is wholly outside the officer's duty the sureties on his bond cannot be made to answer for it. See *State v. Moore*, 56 Neb. 82 (76 N. W. Rep. 475); *Hawkins v. Thomas*, 3 Ind. App. 399 (29 N. E. Rep. 157); *San Luis Obispo Co. v. Farnum*, 108 Cal. 562 (41 Pac. Rep. 445); *People v. Cobb*, 10 Colo. App. 478 (51 Pac. Rep. 523); *Orton v. City of Lincoln*, 156 Ill. Sup. 499 (41 N. E. Rep. 159); *State v. Bonner*, 72 Mo. 387; *Bank v. Chickering*, 4 Pick. 314; *Scott v. State*, 46 Ind. 203; *Governor v. Perrine*, 23 Ala. 807. These cases fully sustain the rule that a surety on an official bond is liable only for a breach of official duty on the part of his principal, and not for acts done outside it. As the acts complained of were clearly not within the duty of Weinstein as an officer, no action will lie upon his bond. It is true there was an allegation in the petition before the motion to strike was sustained to the effect that the letter was written by Weinstein in his official capacity, but this is a mere conclusion. We find nothing in the law to sustain it.—AFFIRMED.