[Crim. No. 1093.  Department One.—April 18, 1904.]

THE PEOPLE, Appellant, v. M. M. SHEARER, Respondent.

CRIMINAL LAW—EMBEZZLEMENT BY COUNTY PHYSICIAN—INFORMATION —SPECIAL DEMURRER—TRUST RELATION NOT DEFINITELY SHOWN.— There is no such officer known to the law as a "county physician"; and an information charging a "county physician" as such with the embezzlement of moneys which came into his possession by virtue of his trust as such officer, is insufficient as against a special demurrer, in not definitely averring the facts constituting a trust relation, within the terms of section 504 of the Penal Code.

ID.—PHYSICIAN APPOINTED BY SUPERVISORS—CARE OF FUNDS NOT IMPOSED BY LAW.—Assuming that the term "county physician" is intended to designate a physician appointed by the supervisors, under the County Government Act, to attend upon the indigent sick of the county, the law does not clothe such an appointee with authority to receive any money belonging to the county by virtue of such appointment; and if he might possibly collect such money as superintendent of a hospital or poorhouse, the information does not allege that he was such superintendent, and the term "county physician" cannot be construed as importing such allegation.

APPEAL from a judgment of the Superior Court of Sonoma County. Albert G. Burnett, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and C. H. Pond, District Attorney, for Appellant.

J. R. Leppo, for Respondent.

ANGELLOTTI, J.—This is an appeal by the people from a judgment for the defendant on a demurrer to an indictment charging defendant with the crime of embezzlement.

The indictment was based on section 504 of the Penal Code, and charged the defendant with the fraudulent appropriation of one hundred and five dollars, the property of Sonoma County, which had come into his possession and under his control by virtue of his trust as "county physician" of said county, he at the time being, it was alleged, "the duly appointed, qualified, and acting county physician of the county of Sonoma, state of California," and it being further alleged that he did so fraudulently appropriate it to his own use, "contrary to the due and lawful execution of his said trust."

The defendant demurred upon the ground that the indictment did not substantially conform to the requirements of sections 950, 951, and 952 of the Penal Code, and specially urged in his demurrer that the indictment was not direct or certain as to the offense charged, in that it could not be ascertained therefrom what was meant by the term "county physician," what office, if any, said term was meant to designate, or how said alleged "county physician" could or ever did receive any money or property of the county of Sonoma, under or by virtue of his or any trust.

Embezzlement is purely a statutory offense. Under the provisions of our statute, it is essential to the commission thereof that there should be a fraudulent appropriation of property to some use or purpose not in the due and lawful execution of his trust by one into whose possession it has come by reason of some relation of trust or confidence mentioned in the statute, and existing between him and another, and it is therefore necessary that an indictment or information for embezzlement should allege the trust relation, in order that it may be determined therefrom whether there has been any such violation of a trust or confidence reposed in the defendant.

Our statutes prescribe these various relations, section 504 of the Penal Code including every officer of the state or of any county, city, city and county, or other municipal corporation or subdivision thereof, and every deputy, clerk, or servant of any such officer, and every officer, director, trustee, clerk, servant, or agent of any association, society, or corporation, public or private.

While this section of the code is very general in its designation of the various relations of trust or confidence, we are of the opinion that the indictment in the case at bar fails to sufficiently allege a relation coming within any of the terms therein used. It is alleged in the indictment simply that the defendant was the "duly appointed, qualified, and acting county physician of the county of Sonoma, state of California." This language has no definite legal signification.

There is no such public office known to law as that of "county physician," (*People* v. *Wheeler,* 136 Cal. 652,) and the term is nowhere used in the law as indicating any person sustaining any relation by contract or appointment, of deputy, clerk, or servant to any public officer, or of trustee, clerk, servant, or agent to any public corporation. To say, in an information or indictment for embezzlement, therefore, simply that a person is the "duly appointed, qualified, and acting county physician" of a county is not enough, at least before a special demurrer, for such allegation fails to definitely and clearly allege a fiduciary relation embraced within the terms of section 504 of the Penal Code.

It is suggested that the allegation is sufficient to show that the defendant was appointed by the board of supervisors of Sonoma County under the authority conferred by subdivision 5 of section 25 of the County Government Act of 1897 (Stats. 1897, p. 458), which, after providing for the care of the indigent sick and dependent poor, provides that "The board of supervisors shall appoint some suitable person to take care of and maintain such hospitals and poorhouses, and shall also appoint some suitable graduate or graduates in medicine to attend to such indigent sick or dependent poor, and to the patients in such hospitals and poorhouses," and that he was therefore shown to be a servant of the board of supervisors of said county.

Neither the person appointed to care for the hospital and

poorhouse nor a graduate in medicine appointed to attend to the indigent sick is, by the law, designated as a "county physician," and the term could certainly have no proper application to the superintendent of the hospital and poorhouse.

We might surmise that the words "county physician" were intended to refer to a graduate in medicine appointed to attend indigent sick for the county, for those words might appropriately be used to designate such a person, but they do not necessarily mean this, and they have nowhere been so used in the law, and as was said by the learned judge of the court below, in sustaining the demurrer, "An essential element in the characterization of the crime attempted to be charged must not be left to surmise or inference."

It is said that it was held in *People* v. *Wheeler,* 136 Cal. 652, that a "county physician" is a servant or employee of the board of supervisors. This is hardly accurate. What was there said was not that a "county physician" was a servant of the board of supervisors, but *that physicians employed by the board of supervisors* under subdivision 5 of section 25 of the County Government Act must be regarded merely as servants or employees of the board.

The term "county physician" not expressing with definiteness and certainty any particular office, trust, or employment, there is no sufficient allegation of any appointment or employment of defendant by the board of supervisors to do anything.

The California cases relied on by appellant as maintaining the rule that it is sufficient to charge embezzlement in the language of the statute are all cases where the allegation as to the fiduciary relation was such as to bring the case squarely within the terms of the statute.

It is further clear that if it be assumed, as claimed by appellant, that the term "county physician" as used in the indictment means a graduate in medicine appointed by the board of supervisors "to attend to such indigent sick or dependent poor, and to the patients in such hospitals and poorhouses," the defendant could not have, by virtue of his trust as such appointee, received any money belonging to the county. The duties and powers of such an appointee are fully set forth in the portion of the County Government Act

last quoted. The law nowhere clothes such an appointee with authority to receive or have in his possession any money belonging to the county, and if any such money does come into his hands, he does not receive it by virtue of his trust as such appointee, but simply as a private citizen, (see *County of San Luis Obispo* v. *Farnum,* 108 Cal. 562,) and for his appropriation thereof he would not be guilty of the particular crime attempted to be charged here,—viz., a fraudulent appropriation of money that had come into his hands, by virtue of his trust as "county physician."

It is suggested that under the provisions of the act to provide for the maintenance and support of indigents, etc., approved March 23, 1901, (Stats. 1901, p. 636,) the superintendent of the county hospital or almshouse may, by virtue of his employment, in certain cases, collect and receive money due to the county. Assuming that this is so, we are satisfied that the indictment cannot possibly be construed as alleging that the defendant was such superintendent, or was a person appointed by the supervisors under the County Government Act to take care of or maintain a hospital or poorhouse.

The demurrer to the indictment was properly sustained.

The judgment is affirmed.

Shaw, J., and Van Dyke, J., concurred.