STATE, EX REL. LOUCKS, *v.* HALE, MAYOR, ET AL.

[No. 20,690. Filed April 27, 1906.]

MANDAMUS.—*Officers.*—*Municipal Corporations.*—*Lobbying Committee.*—Mandamus does not lie on behalf of a citizen and taxpayer of a municipal corporation to compel city officers to restore money received by them from such corporation to defray their expenses while acting as a lobbying committee to secure legislation desired by such corporation, since they were acting in their private, and not in their official, capacities.

From Lake Superior Court; *Harry B. Tuthill,* Judge.

Action by the State of Indiana, on the relation of Louis T. Loucks, against William Hale, as mayor of the City of East Chicago, and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*J. D. Kennedy* and *William J. Whinery,* for appellant.

*A. Ottenheimer,* for appellees.

MONKS, J.—This action was brought by the relator, a citizen, resident property owner and a taxpayer in the city of East Chicago, to compel, by a writ of mandamus, appellees, the mayor, the members of the common council and attorneys of said city, to "return, refund and repay" to said city the sum of $400 alleged to be held unlawfully by them as officers of said city. Appellees' demurrers to the complaint and alternative writ were sustained and final judgment rendered in their favor. These rulings of the court are assigned for error.

It is alleged in the complaint and alternative writ, among other things, that the common council of said city appointed the mayor, three members of the common council of said city and the city attorneys for said city a special committee, "to visit the state capitol for the purpose of lobbying with the members of the General Assembly of the State of Indiana, and securing the enactment of laws for said city of East Chicago, the legislature then

being in session at the city of Indianapolis; that the common council on February 6, 1905, unlawfully appropriated the sum of $400 from the park fund of said city, to be used by said committee in visiting said capitol and unlawfully lobbying with said legislature, in defraying their expenses, and in paying for their services while so acting; that the members of said committee in pursuance of said unlawful appropriation received from the treasurer of said city said $400 from said park fund; that they each visited the state capitol, and did unlawfully and without right lobby with the members of the General Assembly; that said services were useless, worthless and needless and without avail to the city and to the taxpayers thereof and of no avail whatever; that the members of said committee unlawfully and without right withhold said sum of $400 and refuse to return, replace and repay the same to said city."

Conceding, without deciding, that said $400 was received by the members of said special committee without right and that the same could be recovered from them in an action for money had and received as claimed by the relator, we are of the opinion that the court below did not err in sustaining the demurrer to the complaint and alternative writ.

Section 1182 Burns 1901, §1168 R. S. 1881 and Horner 1901, provides: "Writs of mandate may be issued to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, or a duty resulting from an office, trust, or station." It is clear from the allegations of the complaint and alternative writ that the members of said special committee did not receive said $400 as officers of said city, but as members of the committee, the same as if they held no city office. Even if it is the duty of the members of said committee to repay said $400 to said city, a question we do not decide, such duty does not arise out of the city offices respectively

held by them, nor is such duty in any way different from the duty that would rest upon them to repay the same had they been plain citizens not holding any city office. Not receiving the money as officers of the city nor holding it as such they owe no duty as such officers with reference thereto by virtue of receiving and holding the same. *County of San Luis Obispo* v. *Farnum* (1895), 108 Cal. 562, 41 Pac. 445. Their duty, if there is one, is only that which rests upon any private citizen who is a debtor or bailee. This being true, it is evident that the remedy, if any, against appellees is not mandamus.

Judgment affirmed.

Gillett, C. J., took no part in the decision of this cause.