[Crim. No. 54.  First Appellate District.—August 15, 1906.]

## THE PEOPLE, Respondent, v. L. B. McMAHILL, Appellant.

CRIMINAL LAW—EMBEZZLEMENT—GIST OF OFFENSE.—INSUFFICIENT INFORMATION.—The gist of the offense of embezzlement under section 504 of the Penal Code is the appropriation to a use or purpose *not in the due and lawful execution of the trust;* and an information for embezzlement of money by a servant or agent of an association which does not state the conditions of the trust, nor the object and purpose for which the money came into his possession, nor that defendant appropriated the money for a purpose ''not in the due and lawful execution of his trust,'' is insufficient, and a demurrer thereto should have been sustained.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.  J. R. Welch, Judge.

The facts are stated in the opinion of the court.

George W. Waldorf, Charles F. Hanlon, Edwin Coolidge and William A. Bowden, for Appellant.

U. S. Webb, Attorney General, and James H. Campbell, District Attorney, for Respondent.

COOPER, J.—The information charged as follows: ''The said defendant, on or about the twenty-fifth day of April, A. D. 1905, at the county and state aforesaid, did willfully, unlawfully and fraudulently, and while said defendant was the secretary, agent and servant of the San Jose Chamber of Commerce, an association, appropriate to his own use the sum of $901.67 in lawful money of the United States, the property of said San Jose Chamber of Commerce, which

4 Cal. App.—15

money was on said date in the control and care and had come into the control and care of said defendant solely by virtue of his said employment as such secretary, agent and servant.''

To this information the defendant interposed a demurrer upon the grounds that it does not substantially conform to the requirements of sections 950, 951 and 952 of the Penal Code, and that the facts therein stated do not constitute a public offense.

The demurrer was overruled, and defendant entered his plea of not guilty. After trial he was convicted and sentenced to a term of two years in the state prison. This appeal is from the judgment and order denying defendant's motion for a new trial.

The important and controlling question in the case is as to whether or not the demurrer should have been sustained. It is conceded that the district attorney in the information intended to charge the crime of embezzlement under section 504 of the Penal Code, which, so far as material here, is as follows:

''Every . . . clerk, servant or agent of any association . . . who fraudulently appropriates to any use or purpose not in the due and lawful execution of his trust, any property which he has in his possession or under his control by virtue of his trust . . . is guilty of embezzlement.''

The gist of the offense under the statute is the appropriation to a use or purpose *not in the due and lawful execution of the trust.* The information must charge the offense in ordinary language, so that a person of common understanding may know by reading it what is intended, and the facts stated in the information must necessarily charge a crime. If the facts stated may be true, under certain circumstances, and yet not constitute a crime, the information will be held insufficient. The information in this case, when devested of the adverbs ''unlawfully, feloniously and fraudulently'' simply states the fact that defendant appropriated to his own use $901.67, the property of the San Francisco Chamber of Commerce, which had come into his control and care by virtue of his employment as such secretary, agent and servant. The conditions of the trust are not stated, nor is there any attempt to state them. The object and purpose

for which the money came into defendant's possession is not
stated. No attempt is made to state that defendant appro-
priated the money for a purpose not in the due and lawful
execution of the trust. It may, for aught that appears in
the information, have come into his control for his own use.
There are many ways in which an agent might lawfully come
into control of the money of his principal for his own use.
We must presume that defendant is not guilty of any crime,
and that he came into the control of the money for his own
uses and purposes, and not for uses and purposes which may
have existed in the imagination of the pleader. If the money
was given to him for his salary it was for his own uses and
purposes. If it came into his control to reimburse him for
moneys laid out and expended for his principal, it was for
his own use. While it is ordinarily sufficient to charge a
crime substantially in the language of the statute defining it,
yet the information cannot be aided by inference or presump-
tion. We cannot presume that the use of money which had
come into the control of defendant was *"not in the due and
lawful execution of his trust."*

In all the cases which we have examined under the section
the informations which have been held valid allege that the
money was appropriated to a use not in the due and lawful
execution of the trust, or words of similar import. In *People
v. Gale,* 77 Cal. 120, [19 Pac. 231], the indictment alleged
that "defendant did then and there, as such administrator,
fraudulently appropriate to his own use and purpose the
sum of $94, which said money then and there belonged to the
estate of the said Warren Polley, deceased." The ruling
of the court below sustaining a demurrer to the indictment
was upheld.

In *People v. Ward,* 134 Cal. 301, [66 Pac. 372], where the
words used were that defendant did "feloniously convert,
embezzle and appropriate to his own use, contrary to his said
trust as such officer as aforesaid," the information was held
sufficient upon the ground that "contrary to his trust" was
the equivalent of "not in the due and lawful execution of his
trust."

In *People v. Shearer,* 143 Cal. 66, [76 Pac. 813], it was
held that the charge that defendant fraudulently appropri-
ated the sum of $105, the property of Sonoma county, which

had come under his control by virtue of his trust as county physician, was insufficient, because the term "county physician" did not show that defendant held any trust relation to the county. It is there said: "Embezzlement is purely a statutory offense. Under the provisions of our statute it is essential to the commission thereof that there should be a fraudulent appropriation of property to some use or purpose not in the due and lawful execution of his trust by one into whose possession it has come by reason of some relation of trust or confidence mentioned in the statute, and existing between him and another, and it is therefore necessary that an indictment or information for embezzlement should allege the trust relation, in order that it may be determined therefrom whether there has been any such violation of a trust or confidence reposed in the defendant."

The rule is that it must clearly appear from the facts alleged that a crime has been committed. (*People* v. *Terrill*, 127 Cal. 99, [59 Pac. 836].)

The judgment and order are reversed, and the court below directed to make an order sustaining the demurrer to the information.

Hall, J., and Harrison, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 4, 1906.