[S. F. No. 6110. Department Two.—November 20, 1913.]

# WM. P. JOST, Appellant, v. WILLIAM KING et al.. Respondents.

HIGHWAYS—RESOLUTION OF SUPERVISORS AUTHORIZING—SUPERVISOR AS VOLUNTEER IN WORK OF CONSTRUCTION.—Where a resolution passed by a board of county supervisors amounts to a mere authorization that one of them may undertake the supervision of a road intended as a gift to the county, and that upon its completion and the filing of the necessary deeds for a right of way the board will accept it as and for a public road, the supervisor, in constructing the road, acts merely as a volunteer, and not under his official obligation.

ID.—FAILURE TO COMPLETE ROAD—LIABILITY OF SURETIES OF SUPERVISOR.—In an action against such supervisor for damages for failure to complete the road, the sureties on his official bond cannot be joined with him as defendants, since the bond is given to indemnify against neglect of duty in his official capacity.

ID.—ACTION FOR DAMAGES FOR NONCOMPLETION OF ROAD—PLEADING.— In an action by an owner of property abutting on the proposed highway against the supervisor for damages on account of such noncompletion of the road, an allegation in the complaint that the plaintiff is in possession of and entitled to sell and dispose of the property, is open to special demurrer for uncertainty in not showing the nature and extent of the interest of the plaintiff.

ID.—MONEY EXPENDED BY PLAINTIFF—UNCERTAINTY IN ALLEGATIONS CONCERNING.—An allegation in such complaint that the plaintiff has been damaged in the sum of "five hundred dollars of the money subscribed as stated in the aforesaid resolution," and expended by him in constructing portions of the road, is demurrable for uncertainty in not showing whether the amount so expended was the plaintiff's money or belonged to some one else.

ID.—LOSS OF SALE OF LAND—ALLEGATION OF DAMAGES.—An allegation in such complaint that if the road had been completed on a date mentioned the plaintiff could and would have sold certain land at a profit of fifteen thousand dollars, is indefinite; there being no pleading of a definite offer to purchase the land, contingent upon the building of the road, which was defeated by the failure to complete the highway, and the alleged loss being a mere speculative estimate of the increase in the value of realty which would have resulted from the contemplated improvement.

ID.—REMOTE OR SPECULATIVE DAMAGES—WHETHER RECOVERABLE.— Damages based upon such an uncertainty are too remote for practical adjudication; purely conjectural profits are not recoverable.

APPEAL from a judgment of the Superior Court of Sonoma County. Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

Wm. Hoff Cook, for Appellant.

Clarence F. Lea, and G. W. Hoyle, for Respondents.

MELVIN, J.—Plaintiff appeals from a judgment rendered after the sustaining of defendant's demurrer to the complaint and plaintiff's refusal to amend.

The complaint contains allegations that King was at all times mentioned therein a supervisor of the county of Sonoma; that the plaintiff "was in possession and entitled to sell and dispose of" a certain described tract of land in that county; and that on June 10, 1910, by a unanimous vote of the board of supervisors of Sonoma County a certain resolution was passed. The resolution is then fully pleaded as follows:

"Whereas, it appears to be a public necessity for a county road to be built along the line of survey heretofore made by George H. Winkler, county surveyor, of a road extending from Guerneville to Monte Rio in Sonoma County, California, along the southerly side of Russian River, and

"Whereas, there has already been subscribed by individuals living in the vicinity of said proposed road an amount of money which will probably be sufficient to construct said road in a proper mannner, and

"Whereas, the property owners along practically the entire length of said proposed road have offered to deed to the county of Sonoma a right of way across their lands, now, therefore, be it Resolved, that Supervisor King be, and he is, hereby authorized to build and construct as and for a county road, a good and substantial road following the line as surveyed by George H. Winkler, county surveyor, along the south side of Russian River, between Guerneville and Monte· Rio. Said work of construction to progress and be proceeded with as money heretofore subscribed is paid into the Bank of Guerneville for that purpose, and be it further Resolved, that upon the completion of the said road and upon the exe-

cution and delivery to the county of Sonoma of good and sufficient deeds to the right of way along said line of road, this board accept said road as and for a public county road of the county of Sonoma, on behalf of said county."

There are averments that King began work on the road under the authorization of the resolution of the supervisors; that the moneys referred to in the resolution were at all times available for the construction of the road; but that soon after commencing said construction King, without good and sufficient reason, discontinued work thereon and declared his intention not to proceed further with the enterprise.

The complaint sets forth the expenditure by plaintiff of "$500.00 of the money subscribed as stated in the aforesaid resolution, for the building and construction of said road" and charges that by reason of the noncompletion of the road plaintiff was damaged to that amount. There are averments of the necessity of the contemplated road as a means of egress and ingress from and to plaintiff's property and of plaintiff's dependence upon the resolution and upon King's action thereunder. Plaintiff pleads that the road should have been completed by March 1, 1911; that he relied upon King's completion of the work by that time; and that if it had been so completed he could and would have sold the property at a profit and gain to him of fifteen thousand dollars; and that by reason of King's acts in refusing and neglecting to construct and complete the road, plaintiff was damaged in the sum of fifteen thousand dollars for which sum he also prays judgment. The surety company is sought to be joined as the sole bondsman upon King's official bond.

Defendants' demurrer to the complaint is both general and special. It specifies want of facts, misjoinder of parties defendant, and numerous alleged uncertainties. We need not discuss all of these specifications of the demurrer. Upon the ground of misjoinder, the demurrer was properly sustainable, and this is true even if we regard the action as one against King in his official capacity, although it does not clearly appear that he was so sued. In the title of the action he is mentioned personally and not in his official capacity, but from the body of the complaint it perhaps sufficiently appears that the pleader intended to allege a cause of action against him

as a supervisor. But it does not appear from any aspect of the pleading that the defendant was bound as a supervisor to do the work authorized by the resolution. This was not the ordinary proceeding for the construction of a public road nor were the duties of the supervisor as outlined by the resolution merely ministerial. The resolution amounts only to an authorization to expend funds donated for a particular purpose. It is true that Mr. King voted for the resolution, but that fact did not make the road-building a part of his official duty. He was to exercise his discretion regarding the sort of road to be built. No specifications of material or width or grades were mentioned in the resolution. He was to build a "good and substantial road" over a designated route. He was not limited in the matter of time or material. The duties of a supervisor and road commissioner are defined by statute. None of those duties so defined has reference to the building of a road with contributed funds over a route not yet the property of the county. It appears from the resolution that at the time of its passage, although practically all of the property owners along the route of the proposed road had offered to deed the necessary right of way, they had not done so. The resolution therefore referred to work to be performed where at that time the county could have no more than a license, and the pleading does not disclose any subsequent action by the landowners in deeding the rights of way. This was therefore not a command by the supervisors to a road commissioner to construct a public road upon land which had been acquired by the county either by purchase or condemnation. It was a mere authorization that he might undertake the supervision of a road intended as a gift to the county and upon its completion and the filing of the necessary deeds for a right of way the board agreed to accept it as and for a public road. If one of the property owners along the route had refused to permit King upon the land of such owner, he would have been powerless to do anything under the resolution, but would have been compelled to await the board's further action. It is plain, therefore, that he was a mere volunteer and not bound under his official obligation. As his bond was given to indemnify against neglect of duty in his *official* capacity, it follows that there was a misjoinder in making the surety com-

pany a party defendant. (*County of San Luis Obispo* v. *Farnum*, 108 Cal. 563, [41 Pac. 445].)

It does not appear by distinct averment that the plaintiff owned the land described in his complaint. It is alleged that he was "in possession of and entitled to sell and dispose of" the property. Later it is mentioned as "plaintiff's property as described in paragraph II hereof"—the paragraph where his possession and right to sell are mentioned. It is further alleged that if the road had been constructed, plaintiff "could and would have sold and disposed of *his* said land aforesaid" at a profit of fifteen thousand dollars. It does not appear whether plaintiff possessed the land as tenant or owner or whether his right to sell arose from ownership, agency, or option. The defendant was entitled to know the nature and extent of the interest of the plaintiff. A special demurrer took advantage of this deficiency in the pleading and the demurrer was properly sustained on that point.

The allegation with reference to the five hundred dollars damages fails to show whether the amount expended was plaintiff's money or belonged to some one else. It is averred that "$500.00 of the money subscribed, as stated in the aforesaid resolution, for the building and construction of said road, was paid out and expended by plaintiff, with the knowledge of said defendant King, in the construction and building of portions thereof, and, by reason of the noncompletion of said road as aforesaid by said defendant King, the plaintiff has been damaged in the sum of $500." From this statement it does not appear whether plaintiff spent his own money or that of some subscriber or subscribers who are not here seeking any relief. The demurrer was therefore properly sustainable for this uncertainty.

The damage of fifteen thousand dollars is indefinitely pleaded. In one of the paragraphs of the complaint appears the statement that if the road had been completed by March 1, 1911, "plaintiff could and would have sold and disposed of his said land aforesaid, at said time, at a profit and gain to him of fifteen thousand dollars, but, by reason of the acts and misconduct of said defendant King as aforesaid, the plaintiff was prevented from so selling and disposing of his said land." Obviously the damages sought are merely speculative. There is no pleading of a definite offer of purchase of the land,

contingent upon the building of the road, which was defeated by the failure to complete the highway. It is a mere speculative estimate of the increase in the value of realty which would result from the contemplated improvement. Damages based upon such an uncertainty are too remote for practical adjudication. Purely conjectural profits are not recoverable. (*Paola Gas Co.* v. *Paola Glass Co.,* 56 Kan. 622, [54 Am. St. Rep. 598, 44 Pac. 621] ; *Hunt Brothers Co.* v. *San Lorenzo Water Co.,* 150 Cal. 55, [7 L. R. A. (N. S.) 913, 87 Pac. 1093] ; *Pendleton* v. *Cline,* 85 Cal. 143, [24 Pac. 659] ; *Witmer Brothers Co.* v. *Weid,* 108 Cal. 580, [41 Pac. 491].) This allegation was also tainted with the uncertainty previously discussed arising out of the plaintiff's failure definitely to allege the kind of interest, if any, which he had in the property.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.