[Crim. No. 681. Second Appellate District, Division Two.—October 17, 1919.]

# THE PEOPLE, Respondent, v. C. L. SCHROEDER, Appellant.

[1] CRIMINAL LAW — EMBEZZLEMENT — ESSENTIAL ELEMENTS OF OFFENSE—SUFFICIENCY OF INFORMATION.—The four essential elements of the offense of embezzlement are: (1) That defendant was acting in the capacity of an agent; (2) that he obtained and held the money in his trust capacity; (3) that the money belonged to his principal; and (4) that he converted it to his own use in violation of his trust; and in this prosecution the information sufficiently informed the defendant of all these material elements of the crime charged against him.

[2] ID.—HOLDING OF MONEY FOR BENEFIT OF PRINCIPAL—INSUFFICIENCY OF ALLEGATION—WAIVER OF DEFECT.—Even though it does not sufficiently appear from the information in such prosecution that the defendant was holding the money for the benefit of his principal at the time of its appropriation by him, where such point is not raised by demurrer, the defect is waived.

[3] ID.—COLLECTION OF MONEY ON ASSIGNED CLAIM—MISAPPROPRIATION OF FUNDS—EVIDENCE—FINDING.—Where the defendant had received, for the purposes of collection only, an assignment of a claim against a business concern for an amount of several hundred dollars, and as the agent and representative of the assignor he collected the claim and deposited the money in the bank to his own account, and when called upon by his principal to deliver the money failed to do so and admitted that he did not have it, and the evidence further disclosed that the amount was no longer to his credit in the bank, the jury was justified in finding that he had appropriated the money for a purpose not in the due and lawful execution of his trust.

[4] ID.—RECEIPT OF PARTIAL PAYMENTS BY AGENT—SEVERAL EMBEZZLEMENTS—IMMATERIAL QUESTION.—In such prosecution it is unimportant to determine whether there had been an embezzlement from time to time of any of the partial payments as they were received by defendant on the collection of the assigned claim. It is sufficient that on and after the date when all of the money had been collected and was payable to his principal, defendant had withdrawn it from the bank on his own account, and under circumstances which made the question of his felonious intent one for the jury to determine.

APPEAL from a judgment of the Superior Court of Los Angeles County. Gavin W. Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. B. Coil and Fred W. Heatherly for Appellant.

U. S. Webb, Attorney-General, Joseph L. Lewinsohn and Arthur Keetch, Deputies · Attorney-General, and Jerry H. Powell for Respondent.

SLOANE, J.—The appellant was convicted of embezzlement.

The opening brief is devoted largely to a discussion of the alleged insufficiency of the information to state the offense charged. The information, so far as its essential parts are concerned, is as follows:

"The said C. L. Schroeder is accused by the District Attorney of and for the County of Los Angeles, State of California, by this information, of the crime of embezzlement, a felony, committed as follows: That the said C. L. Schroeder on or about the 15th day of November, 1917, at and in the County of Los Angeles, State of California, was the agent, collector and trustee of one D. M. Ward, doing business under the name and style of Ward Iron Works, and then and there, by virtue of his said employment and trust as such agent, collector and trustee, came into the care, possession, custody and control of him, the said C. L. Schroeder, the sum of Four Hundred Twenty and 82/100 Dollars ($420.82) in gold coin of the United States, and of the personal property of the said D. M. Ward, doing business as aforesaid.

"And he, the said C. L. Schroeder, after the said sum of Four Hundred Twenty and 82/100 Dollars ($420.82) had come into his care, possession, custody and control, as aforesaid, did then and there, to-wit, on or about the said 15th day of November, 1917, at and in the County of Los Angeles, State of California, willfully, unlawfully, fraudulently and feloniously convert, embezzle and appropriate the said sum of money to his own use, and to uses and purposes not in the due and lawful execution of his said trust as such agent, collector and trustee, as aforesaid.

"Contrary to the form, force and effect of the statute in such cases made and provided, and against the peace and dignity of the people of the State of California."

[1] We think this information substantially meets all the requirements to charge the offense of embezzlement by an agent or trustee, under the provisions of section 508 of the Penal Code.

The four essential allegations for such an information are: (1) That defendant was acting in the capacity of an agent; (2) that he obtained and held the money in this trust capacity; (3) that the money belonged to his principal; and (4) that he converted it to his own use in violation of his trust. (*People* v. *Hemple*, 4 Cal. App. 120, [87 Pac. 227]; *Ex parte Hedley*, 31 Cal. 109.) All that is required is that these essential facts be set forth in ordinary and concise language, in such manner as to enable a person of common understanding to know what is intended. (Pen. Code, sec. 959.) There is very little ground to doubt that this defendant was sufficiently informed of all these material elements of the crime charged against him. [2] There might be some room to question that there was a sufficient allegation that he was holding the money for the benefit of his principal at the time of its appropriation by him, if the point had been raised by demurrer. But, at most, the defect in the pleading is one of indefiniteness, which was waived by failure to demur. (Pen. Code, secs. 1012, 1185.)

Numerous alleged errors in the admission and exclusion of evidence are averred without particular specification, in most instances, of the grounds of the exceptions to the rulings. We will not attempt to review them separately, but have read the entire record in the case, and are satisfied that whatever errors or irregularities, if any, there may have been in the trial, none of these are of such a prejudicial character as to justify the conclusion that there has been a miscarriage of justice.

[3] The evidence clearly shows that the defendant received, for the purposes of collection only, an assignment of a claim against a business concern for an amount of several hundred dollars; that as the agent and representative of the assignor he collected the claim, deposited the money in bank to his own account, or in the name under which he was doing business; and that when called upon by his principal to deliver the money, failed to do so and admitted that he did not have it; and the evidence further disclosed that the amount was no longer to his credit in the bank.

43 Cal. App.—40

It was a trust fund that he had no right to use for any purpose without the consent of his principal. He subsequently repaid a portion of the amount, but some $420 was never paid. The jury was justified in finding that he had appropriated the money for a purpose not in the due and lawful execution of his trust. (*People* v. *McMahill*, 4 Cal. App. 225, [87 Pac. 404].)

[4] It is unimportant to determine whether there had been an embezzlement from time to time of any of the partial payments as they were received by defendant on the collection of this assigned claim. It is sufficient that on and after the date alleged—the 15th of November—when all of the money had been collected and was payable to his principal, defendant had withdrawn it from the bank on his own account, and under circumstances which made the question of his felonious intent one for the jury to determine.

The judgment is affirmed.

Finlayson, P. J., and Thomas, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 15, 1919.

All the Justices concurred, except Melvin, J., who was absent.