[Crim. No. 1345. First Appellate District, Division One.—March 10, 1927.]

## THE PEOPLE, Respondent, v. E. L. PRICE, Appellant.

[1] CRIMINAL LAW—PLEADING—SUFFICIENCY OF INDICTMENT OR INFORMATION.—An indictment or information is good if it gives a statement of the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of ordinary understanding to know what is intended.

[2] ID.—EMBEZZLEMENT—OFFENSE CHARGED IN LANGUAGE OF STATUTE —SUFFICIENCY OF INFORMATION.—An information charging embezzlement under section 508 of the Penal Code is sufficient, where the crime is substantially charged in the language of the statute.

[3] ID.—EMBEZZLEMENT OF CORPORATE STOCK—AGENCY—PLEADING.— An information charging that defendant, while acting as agent of another, obtained from such person certain shares of stock of a described corporation for a certain purpose and appropriated the same to his own use in violation of the trust and contrary to the force and effect of the statute, sufficiently informed defendant of all material elements of the crime of embezzlement.

---

1. See 14 Cal. Jur. 24, 25; 9 R. C. L. 1287.

2. When charge of crime may be in language of the statute, note, 94 Am. Dec. 253. See, also, 10 Cal. Jur. 252; 14 Cal. Jur. 49; 9 R. C. L. 1287; 14 R. C. L. 185.

3. Sufficiency of indictment with respect to allegations of fiduciary relations, note, Ann. Cas. 1912C, 903. See, also, 10 Cal. Jur. 903; 9 R. C. L. 1288.

[4] ID.—OBJECTION TO INFORMATION — INDEFINITENESS — FAILURE TO DEMUR—WAIVER.—Where defendant makes no objection by demurrer to an information for indefiniteness, such objection must be deemed to have been waived.

[5] ID.—EMBEZZLEMENT—EVIDENCE—ADMISSIONS — VERDICT.—In this prosecution for embezzlement, where defendant was shown to have received certain stock for the purpose of exchanging it for other stock and to have sold such stock and appropriated the proceeds to his own use, and there was evidence of defendant's admissions of embezzlement, his conviction was sustained.

(1) 31 C. J., p. 661, n. 95.    (2) 31 C. J., p. 715, n. 12.    (3) 20 C. J., p. 459, n. 65.    (4) 31 C. J., p. 822, n. 18.    (5) 20 C. J., p. 486, n. 60.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial.    J. R. Welch, Judge.    Affirmed.

The facts are stated in the opinion of the court.

Grant R. Bennett for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Defendant was charged by information with the crime of embezzlement, it being alleged that by virtue of his employment as an agent there came into his possession and control ten shares of stock of the American Telephone and Telegraph Company of the value of one thousand four hundred dollars, the property of one W. S. Fitch, and that defendant unlawfully embezzled and appropriated the same to his own use.    He was found guilty as charged. He appeals from the judgment of conviction and from an order denying a new trial.    As grounds for reversal it is claimed that the information is insufficient in that it does not allege the terms and conditions of the trust whereby defendant held possession of the property.    It is also claimed that there is a variance between the allegations of the information and the proof, and that the trial court erred in giving certain instructions to the jury.    [1]    With reference to the first objection it is sufficient to say that an indictment or information is good if it gives a statement of the acts

constituting the offense in ordinary and concise language, and in such a manner as to enable a person of ordinary understanding to know what is intended. Under our practice the prolixity of the common-law pleading is avoided. [2] It is well established that an information under section 508 of the Penal Code is sufficient where the crime is substantially charged in the language of the statute. [3] Here, in concise language, defendant is accused, while acting as the agent of another, with having obtained from such person certain shares of stock of a described corporation for a certain purpose, and then appropriating and embezzling the same to his own use in violation of the trust, and contrary to the force and effect of the statute. The information, therefore, sufficiently informed defendant of all the material elements of the crime charged against him. [4] Moreover, no demurrer was interposed by defendant to the information. Under these circumstances, the objection must be deemed to have been waived. (*People* v. *Schroeder*, 43 Cal. App. 623, 625 [185 Pac. 507].)

[5] Equally without merit is the claim that there is a variance between the information and the proof. In this connection it is urged that defendant has been deprived of two substantial rights. First, the right to be tried in the county of his residence, and where the evidence shows the crime to have been committed, and, second, the right to be charged by the information with such crime as was disclosed by the evidence. The facts as revealed by the evidence, briefly stated, show in substance that defendant was a friend of Fitch, the prosecuting witness, and knew that he was the owner of the shares of stock in question. Fitch was employed by the Southern Pacific Railroad Company as a flagman at a street crossing at San Jose, and the stock represented practically his entire life's savings. Defendant, in company with his agent, one Ormand, recommended to Fitch that he exchange his telephone stock for shares in the Monolith Portland Cement Company and finally persuaded him to do so. The stock was indorsed by Fitch and the defendant, instead of procuring the exchange agreed upon, sold the same and embezzled the proceeds. Defendant claims that the evidence shows that he was entrusted with the stock with authority to sell it and with the proceeds of such sale to purchase other stock, and that under such circumstances

the stock itself was not embezzled, but the crime committed was a misappropriation of the proceeds received from its sale. While there is some evidence that might tend to support this claim, the evidence fairly construed as a whole, including a written agreement of exchange executed by the parties, shows that the stock was delivered to defendant for the express purpose of making the exchange agreed upon and not for the purposes of sale. It further shows that defendant admitted to Fitch and to his attorney that he had embezzled the stock. We do not deem a review and analysis of the evidence necessary. There is also ample evidence in the record to show that the offense was committed in Santa Clara County and that a demand was there made for the return of the stock. Nor is there any merit in the objection that the instructions of the court relative to venue and demand are confusing and misleading. The instructions as a whole fully and correctly state the law upon the subject.

The judgment and order are affirmed.

Knight, J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 9, 1927.