[Crim. No. 3480.    Second Dist., Div. Two.    Oct. 2, 1941.]

THE PEOPLE, Respondent, v. MARY KIRK, Appellant.

Leo T. McMahon, Schauer, Ryon & McMahon and J. V. Wood for Appellant.

Earl Warren, Attorney General, Frank Richards, Deputy Attorney General, Percy C. Heckendorf, District Attorney, and David S. Licker, Deputy District Attorney, for Respondent.

McCOMB, J.—From a judgment of guilty on fourteen counts of violating section 504 of the Penal Code after trial by jury, defendant appeals.  There is also an appeal from an order denying her motion for a new trial.

Viewing the evidence in the light most favorable to the people (respondent), the essential facts are:

From August, 1935, to January 1, 1940, defendant was employed as a clerk, stenographer, and secretary in the park department of the city of Santa Barbara. Defendant's duties were to be in charge of the office of the department, keep the time of the employees of the department, make out bimonthly pay rolls, answer telephone calls, take care of the correspondence of the office and park board, and keep the minutes of the park board. By custom of the department she also received funds from the recreational facilities of the park department, which she counted and subsequently deposited with the city treasurer. Commencing in 1938 and throughout the period embraced in the indictment, from the funds thus deposited with her she appropriated to her own personal use approximately $1475.74.

It is conceded that there was no statute or ordinance which made it the duty of defendant to receive the funds which she subsequently misappropriated.

■ Defendant relies for reversal of the judgment on this proposition:

*A person may not be guilty of violating section 504 of the Penal Code by misappropriating funds which have come into his possession, in the absence of a statute or ordinance imposing upon such person a duty to receive and account for the funds which he has misappropriated.*

This proposition is untenable. Section 504 of the Penal Code of the State of California, so far as material here, reads in part as follows:

"Every officer of this state, or of any county, city, city and county, or other municipal corporation or subdivision thereof, and every deputy, clerk, or servant of any such officer, and every officer, director, trustee, clerk, servant, or agent of any association, society, or corporation (public or private), who fraudulently appropriates to any use or purpose not in the due and lawful execution of his trust, any property which he has in his possession . . . is guilty of embezzlement."

■ Defendant is guilty of violating the foregoing section when (1) he is a servant or clerk of any municipal corporation or subdivision thereof, and (2) he fraudulently appropriates to any use or purpose not in the due and lawful execution of his trust any property which he has in his possession. There is no requirement in the statute that the

funds misappropriated be received by the clerk or servant pursuant to a duty imposed by ordinance or statute. (*People v. Knott*, 15 Cal. (2d) 628, 631 [104 Pac. (2d) 33]; *People v. Tennant*, 32 Cal. App. (2d) 1, 6 [88 Pac. (2d) 937].)

Therefore, since it is conceded that defendant was a clerk in the office of the park department of the city of Santa Barbara at the times of the alleged misappropriation of funds and there is substantial evidence which defendant does not question to support the finding that she misappropriated funds of the department which were in her possession, there was sufficient evidence to support the jury's implied findings that the necessary elements above mentioned to constitute a violation of section 504 of the Penal Code existed.

*San Luis Obispo County v. Farnum*, 108 Cal. 562 [41 Pac. 445], is clearly distinguishable from the facts of the instant case and is not in point, for the case just mentioned was a civil suit on behalf of the county to recover on the official surety bond of the county auditor certain funds received by the auditor from the license tax collector for a license tax due the county and for which the auditor failed to account to the county treasurer. The bond in question covered only official duties of the auditor as set forth in the statute. Since it was not one of his duties under the statute to receive the funds involved, the Supreme Court held that the surety company could not be held on its bond for an act of misappropriation which was committed outside of the duties prescribed for the office by statute.

*People v. Shearer*, 143 Cal. 66 [76 Pac. 813], also relied upon by defendant is inapplicable, for the reason that the only question before the Supreme Court in that case was whether the language in the indictment was sufficient to charge a violation of section 504 of the Penal Code.

The other cases, such as *Hartnett v. State*, 56 Tex. Cr. Rep. 281 [119 S. W. 855, 133 Am. St. Rep. 971, 23 L. R. A. (N. S.) 761], cited by defendant are not binding in this state, in view of the decisions of our own appellate courts, *supra*, to the contrary.

An examination of the record discloses that defendant's rights were fully protected and presented to the trial court by her counsel; and it does not appear that anything has been omitted that might have been urged on her behalf on appeal.

For the foregoing reasons the judgment and order are and each is affirmed.

Moore, P. J., and Wood, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 30, 1941.