THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LYDIA RIVERA GUZMÁN, Defendant and Appellant.

No. CR-67-58.        Decided February 24, 1970.

*Enrique Miranda Merced* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Federico Rodríguez Gelpí, Assistant Solicitor General,* for The People.

PER CURIAM: The prosecuting attorney filed an information for embezzlement against Lydia Rivera Guzmán charging that "on occasion of acting as clerk in the business property of Jacinto Martínez Cabán and having been entrusted with property valued at the amount of $776 to be sold in said business, she fraudulently concealed said property with the intent of appropriating, as she appropriated, said articles to her own use and for purposes extraneous to the lawful execution of her duties as such clerk." She was convicted of embezzlement (misdeamenor).

■ The penal provision the violation of which is alleged is § 450 of the Penal Code, 33 L.P.R.A. § 1726, equivalent to § 508 of the California Penal Code. Four are the elements of the offense: (i) that defendant was an agent or clerk, *People* v. *Avilés*, 50 P.R.R. 505 (1936), (ii) that the property had been entrusted as property of the employer or principal, (iii) that he received the property during the course of his employment, and (iv) that he appropriated the property with the intent of stealing it. *People* v. *Riley*, 217 C.A.2d 11 (1963); *In re Grin*, 112 Fed. 790 (1901); *People* v. *Schroeder*, 185 Pac. 507 (Cal. 1919); *People* v. *Howard*, 160 Pac. 697 (Cal. 1916); *People* v. *Hemple*, 87 Pac. 227 (Cal. 1906).

Defendant's defense sought to establish that there existed a "partnership" between her and the alleged aggrieved party to operate the business. For that reason the trial judge transmitted to the jury the following instruction:

"Here there was evidence for the defense which seeks to establish that there was a partnership between defendant and the alleged aggrieved party; you are going to determine whether in your opinion the existence of that Partnership was established, if it was not established you do not have to consider anything else regarding that aspect of the case; now, if you understand that it has been established to your satisfaction, that there was a partnership, it is alleged herein that this defendant took everything that was there; *then, the fact that they were partners, would not relieve her from liability;* a partner is not entitled to take what there is, the property, that is, the partnership has a personality different from that of the partner. When there is a partnership, which has its own personality, it is the owner of everything there is, but, the partners are not the owners individually of what there is, but the partnership, according to the terms of the contract, the partnership disposes of its merchandise, *but one partner only cannot freely dispose of the merchandise property of the partnership,* if it is understood that there was a partnership. . . ." (Italics ours.)

■ This instruction was highly prejudicial and it requires that we set aside the judgment. As we said before among the

elements of the offense charged against appellant there are, that of having acted in the capacity of *clerk* and that the property was received during the course of the *employment*. The reference to the fact that if the existence of partnership was established it would not relieve her from liability is erroneous.[1] It was practically equivalent to instructing the jury to return a verdict of guilty. The appropriation by a partner of partnership property may generate civil liability or it may constitute another offense; certainly it is not the one provided by § 450 of the Penal Code for which appellant was judged.

The judgment rendered in the cause of embezzlement will be reversed and the case will be remanded for a new trial.[2]

Mr. Chief Justice Negrón Fernández and Mr. Justice Hernández Matos did not participate herein.

---

[1] It gets more importance if it is considered that the evidence established that appellant transferred to her home the scarce articles which remained in the establishment valued between forty and fifty dollars. Obviously the jury rejected the version to the effect that defendant had appropriated all the merchandise with which the business originally was stocked, with a value of about $700, as stated in the information. That could be an indication to the effect that it considered that there was in effect a "partnership" between the injured party, who contributed the property, and defendant, her industry.

[2] As to the cause for contempt—due to unexplained failure to appear at the act of rendering judgment—nothing has been stated nor does anything arise from the record in order to set it aside. As to the latter, it shall be affirmed.